NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAX D J TECUN HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 22-75 <br><br> Agency No. <br> A070-805-136 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025[**]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Petitioner Max De Jesus Tecun Hernandez, a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal of the Immigration Judge's ("IJ") denial of his applications

for cancellation of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision."  *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020).  We review constitutional claims, such as due process claims, de novo.  *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).  Denial of CAT relief is reviewed for substantial evidence.  *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).  As the parties are familiar with the facts, we do not recount them here.  We deny the petition for review.

1. In removal proceedings, "due process requires the [agency] to consider the relevant evidence."  *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).  A petitioner "attempting to establish that the [agency] violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence."  *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000).

Tecun Hernandez has not overcome this presumption.  The agency "does not have to write an exegesis on every contention," *Magana-Magana v. Bondi*, 129 F.4th 557, 573 (9th Cir. 2025) (citation omitted), and although the agency here did not specifically use the words "psychological" or "emotional," it is evident that it did consider and acknowledge the harm Tecun Hernandez's sons would face from

the loss of a close relationship if he was removed. Thus, Tecun Hernandez has not shown a due process violation.

2. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted). "In addition, the petitioner must demonstrate that he would be subject to a *particularized threat of torture*, and that such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (citation omitted) (emphasis in original).

Tecun Hernandez fails to address the agency's finding that he "has not shown a particularized risk of future torture." Nor does he show any such particularized risk before us. The evidence in the record does not show he is more likely than not to be tortured if removed to Guatemala, let alone "compel[] a contrary conclusion from that adopted by the BIA." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation omitted).

3. The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.